**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-4665**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DAVID ALLEN TATE,

              Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:06-cr-00025-LHT)

───────────────

Submitted:  May 28, 2009          Decided:  June 25, 2009

───────────────

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

John J. Nickerson, THE NICKERSON LAW FIRM, PLLC, Charlotte, North Carolina, for Appellant.  Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Allen Tate was convicted of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 110 months in prison. Tate now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Tate was advised of his right to file a pro se supplemental brief but did not file such a brief.

We conclude that the evidence was sufficient to sustain Tate's conviction. See Glasser v. United States, 315 U.S. 60, 80 (1942). Officers executed a search warrant at a residence, where they discovered a loaded revolver in a clothes basket. Tate admitted to authorities that he had agreed to hold the gun for another individual. It was stipulated that Tate had been convicted of an offense punishable by a term of imprisonment of more than one year and that the gun in question had traveled in interstate commerce.

We further conclude that Tate's sentence was procedurally and substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 597-98 (2007). We note that the court correctly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, and adequately stated its

2

reasons for imposing sentence.  See United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007).[*]

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal.  Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal questions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED

---

[*] To the extent that there was a violation of Kimbrough v. United States, 128 S. Ct. 558 (2007), we note that Tate failed to establish plain error in connection with the violation.  See United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).  Our recent decision in United States v. Antonio, 311 F. App'x 679 (4th Cir. 2009) (No. 07-4791) (unpublished), does not alter this conclusion.

3